## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |
|---|---|
| WILLIAM VAN HOOSER, | |
| Plaintiff, | Civil Action No: 5:24-cv-153 |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and LOANCARE, LLC, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff WILLIAM VAN HOOSER ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and Defendant LOANCARE, LLC ("LoanCare"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

### PREMLIMINARY STATEMENT

1.     This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3.     Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28

U.S.C. § 1391b(3) because the events giving rise to this claim originated in this district.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

**Plaintiff William Van Hooser**

5.      Plaintiff is a resident of Guadalupe County, Texas, which is located in this district.

6.      At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

**Defendant Experian Information Solutions, Inc.**

7.      Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      At all times material hereto, Defendant Experian, is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

9.      At all times material hereto, Defendant Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Equifax Information Services, LLC**

10.      Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. §

1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     At all times material hereto, Defendant Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

12.     At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant LoanCare, LLC**

13.     Defendant LoanCare is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. Nationstar may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

14.     At all times material hereto, Defendant LoanCare routinely furnished information concerning consumers and their credit history to Consumer Reporting Agencies for the purpose of publishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

**Background**

15.     Prior to October 2023, Defendant LoanCare began servicing a mortgage loan (the "Account") for Plaintiff.

16.     Prior to October 2023, Defendant LoanCare furnished information pertaining to the Account to Defendants Experian and Equifax (the "CRAs"), and the CRAs published the

Account to Plaintiff's Experian and Equifax consumer reports.

17.    On October 2, 2023, Defendant LoanCare sent Plaintiff a letter offering Plaintiff a forbearance plan on the Account.

18.    On October 10, 2023, Plaintiff sent Defendant LoanCare an email stating that Plaintiff did not want to enroll in the forbearance plan offered by LoanCare, and that Plaintiff would continue making his monthly payments to the Account.

19.    Plaintiff continued to make timely payments to the Account.

20.    Defendant LoanCare wrongfully, falsely, or erroneously furnished to the CRAs that the Account had a "deferred" payment status, and the CRAs subsequently published the false or erroneous payment status to Plaintiff's consumer reports.

21.    The wrongful, false, or erroneous "deferred" payment status furnished by Defendant LoanCare has severely affected Plaintiff's creditworthiness and reputation through credit denials and the dissemination of inaccurate delinquent credit information to creditors.

22.    Defendant LoanCare falsely or erroneously furnished information to Defendants Experian and Equifax indicating that the Account's payment terms were "deferred" and on a forbearance plan instead of "pays as agreed".

23.    Defendants Experian and Equifax falsely or erroneously published that the Account's payments were "deferred" and that the Account was on a forbearance plan to Plaintiff's consumer reports.

## Defendant LoanCare's violation of 1681s-2(b)

24.    In October 2023, Plaintiff obtained a copy of his consumer reports published by Defendants Experian and Equifax and discovered that Defendant LoanCare had falsely or erroneously furnished that the Account's payment terms were "deferred" and on a forbearance

plan instead of paid as agreed.

25.     In October 2023, Plaintiff submitted a dispute with Defendants Experian and Equifax regarding the Account's false and erroneous payment terms. In his dispute, Plaintiff included proof of payment and his identifying documents.

26.     It is averred that Defendants Experian and Equifax forwarded Plaintiff's dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant LoanCare

27.     Despite Defendant LoanCare receiving the disputes, ACDVs, and accompanying documents, Defendant LoanCare conducted a superficial investigation and reported back to the consumer reporting agencies that the information pertaining to the Account's payment history, payment rating, and account status was "accurate" and should remain unchanged on Plaintiff's consumer reports.

28.     Defendant LoanCare did not evaluate or review the documents which were included with Plaintiff's disputes, ACDVs, and accompanying documents.

29.     Defendant LoanCare negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

30.     Defendant LoanCare did not correct or delete the inaccurate or erroneous information relating to the Account but continued to report false and erroneous information to the consumer reporting agencies.

31.     As a result of the inaccurate information remaining on Plaintiff's consumer reports relating to the Mortgage, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant LoanCare's erroneous reporting for up to 7 years.

32.     Due to Defendant LoanCare's negligent or willful failure to conduct a reasonable

investigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

33.     For these reasons, Defendant LoanCare willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Experian's violation of 1681i**

34.     Defendant Experian falsely and erroneously published the Account's payment terms as "deferred" instead of pays as agreed., which severely affected Plaintiff's creditworthiness and reputation.

35.     In October 2023, Plaintiff disputed the Account's payment terms with Defendant Experian. In his dispute, Plaintiff included proof of payment and his identifying documents.

36.     Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant LoanCare or review the supplied documentation provided by Plaintiff.

37.     Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

38.     It is averred that Defendant Experian did nothing more than parrot information from Defendant LoanCare.

39.     On November 16, 2023, Defendant Experian sent Plaintiff a cursory response stating that the disputed payment terms of the Account were verified and would remain on Plaintiff's consumer report.

40.     Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

41.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as

reason for the denial.

42.     To this date, Defendant Experian continues to publish false and erroneous information relating to the Account's payment terms on Plaintiff's Experian consumer reports.

43.     Defendant Experian failed to promptly correct the information relating to the Account's payment terms.

44.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

45.     Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

46.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b):**

47.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account's payment terms.

48.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from the Plaintiff relating to his consumer report and Account.

49.     Defendant Experian failed to take adequate steps to verify information before Experian

included it in the Plaintiff's consumer reports and later published the report to users.

50.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

51.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

52.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Equifax's violation of 1681i**

53.     Defendant Equifax falsely and erroneously published the Account's payment terms as "deferred" instead of pays as agreed., which severely affected Plaintiff's creditworthiness and reputation.

54.     In October 2023, Plaintiff disputed the Account's payment terms with Defendant Equifax. In his dispute, Plaintiff included proof of payment and his identifying documents.

55.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant LoanCare or review the supplied documentation provided by Plaintiff.

56.     Instead, Defendant Equifax relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

57.     It is averred that Defendant Equifax did nothing more than parrot information from Defendant LoanCare.

58.     On November 13, 2023, Defendant Equifax sent Plaintiff a cursory response stating that

the disputed payment terms of the Account were verified and would remain on Plaintiff's consumer report.

59.     Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

60.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

61.     To this date, Defendant Equifax continues to publish false and erroneous information relating to the Account's payment terms on Plaintiff's Equifax consumer reports.

62.     Defendant Equifax failed to promptly correct the information relating to the Account's payment terms.

63.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

64.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

65.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**<u>Defendant Equifax's violation of 1681e(b):</u>**

66.     Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account's

payment terms.

67.     Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from the Plaintiff relating to his consumer report and Account.

68.     Defendant Equifax failed to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users.

69.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

70.     Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

71.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

### **FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681s-2(b) as to Defendant LoanCare**

72.     Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73.     This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

74.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

75.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76.     The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

77.     Defendant LoanCare negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

78.     Specifically, Defendant LoanCare continued to falsely and erroneously furnish the Account's payment terms as "deferred" instead of pays as agreed.

79.     As a result of the conduct, action, and inaction of Defendant LoanCare, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80.     The conduct, action, and inaction of Defendant LoanCare was negligent, rendering LoanCare liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

81.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant LoanCare in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681s-2(b) as to Defendant LoanCare**

82.     Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83.     This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

84.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

85.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86.     The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

87.     Defendant LoanCare willfully violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

88.      Specifically, Defendant LoanCare continued to falsely and erroneously furnish the Account's payment terms as "deferred" instead of pays as agreed.

89.     As a result of the conduct, action, and inaction of Defendant LoanCare, Plaintiff suffered

damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

90.    The conduct, action, and inaction of Defendant LoanCare was willful, rendering LoanCare liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

91.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant LoanCare in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

92.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

94.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

95.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

      a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

      c.    The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

96.  As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97.  The conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

98.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

99.  **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

100.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

101.   This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

102.   Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

103.   Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

104.  As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

105.  The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

106.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

107.  **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**FIFTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

108.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109.  This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

110.  Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Defendant Experian maintained concerning Plaintiff.

111.   Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

112.   As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

113.    The conduct, action, and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

114.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

<u>**SIXTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

115.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

116.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

117.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

118.    Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to  comply with the FCRA includes but is not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   e.    The continual placement of inaccurate information into the credit report of the

Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

119.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

120.    The conduct, action, and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

121.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

<u>**SEVENTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

122.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

123.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

124.    Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving

actual notice of such inaccuracies and conducting reinvestigations.

125.    Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

126.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

127.    The conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

128.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

129.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

<u>**EIGHTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

130.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

131.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

132.    Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

133.    Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

134.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

135.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

136.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

137.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**NINTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

138.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

139.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

140.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

141.    Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

142.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

143.    The conduct, action, and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

144.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**TENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

145.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

146.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

147.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

148.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

149.  As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

150.  The conduct, action, and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

151.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

152.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** February 14, 2024

Respectfully submitted

JAFFER & ASSOCIATES PLLC

/s/ Shawn Jaffer
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Rd., Ste 580
Dallas, Texas 75240
Tel:    (469) 589-5605
Fax:    (469) 669-0786
Email:  wdtx@jaffer.law
*Attorneys for Plaintiff*